# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 09-86-C**

**UNITED STATES OF AMERICA,**                     **PLAINTIFF,**

**V.**            **COURT'S INSTRUCTIONS TO THE JURY**

**JEFFREY ALLEN HACKWORTH,**              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

INSTRUCTION NO. 1


You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2


As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment.  The Indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendants what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in Court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in Court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence. Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not  evidence.  And my comments and questions are not evidence.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

INSTRUCTION NO. 4


You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

INSTRUCTION NO. 5

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

INSTRUCTION NO. 6

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice,

or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

INSTRUCTION NO. 7


One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

INSTRUCTION NO. 8

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in Court.

INSTRUCTION NO. 9

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment. Your job is limited to deciding whether the government has proved the crime charged.

INSTRUCTION NO. 10

The Indictment accuses the defendant, Jeffrey Allen Hackworth, of violating federal law by using any facility or means of interstate commerce in an attempt to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant used a facility or means of interstate commerce in an attempt to knowingly persuade, induce, entice, or coerce an individual under the age of 18 to engage in sexual activity;

Second: That the defendant believed that such individual was less that 18 years of age;

Third: That if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of Kentucky.

INSTRUCTION NO. 11


You have seen reference to "interstate commerce."  The parties have stipulated that instant message communications between Kentucky residents have traveled in interstate commerce.

INSTRUCTION NO. 12

The terms "persuade, induce," and "entice" have plain and ordinary meanings in the statute. You may use your ordinary understanding of these terms to decide whether the government has proven the first element of the crime charged, as I have instructed you.

INSTRUCTION NO. 13


An actual minor victim is not required to prove an attempt to persuade, induce, or entice an individual under the age of 18 to engage in sexual activity, as charged in the Indictment.  The defendant's belief that a minor was involved is sufficient, but you may find the defendant guilty only if you are convinced beyond a reasonable doubt that the defendant believed that the person with whom he was communicating was a minor.

INSTRUCTION NO. 14

To convict the defendant of the crime charged in the Indictment, the government must prove that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of Kentucky.

Under Kentucky law, a person is guilty of Sodomy in the third degree when:

> Being twenty-one (21) years old or more, he or she engages in deviate sexual intercourse with another person less than sixteen (16) years old.

"Deviate sexual intercourse" means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another; or penetration of the anus of one person by a foreign object manipulated by another person. "Deviate sexual intercourse" does not include penetration of the anus by a foreign object in the course of the performance of generally recognized health-care practices.

Under Kentucky law, a person is guilty of Rape in the third degree when:

> Being twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than sixteen (16) years old.

"Sexual intercourse" means sexual intercourse in its ordinary sense and includes penetration of the sex organs of one person by a foreign object

manipulated by another person.    Sexual intercourse occurs upon any penetration, however slight; emission is not required.

I would like to talk to you about attempt.  The Indictment accuses the defendant of attempting to commit the crime of using any facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

(1) First, that the defendant intended to commit the crime of using any facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.  You need not be convinced beyond a reasonable doubt that the defendant intended to commit the underlying sexual activity, but you must be convinced beyond a reasonable doubt that the defendant intended to persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in such activity;

(2) And second, that the defendant did some overt act that was a substantial step towards committing the crime of using any facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual

activity for which any person can be charged with a criminal offense.

Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to use any facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.  But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime.  A substantial step beyond mere preparation is enough.      If you are convinced that the government has proved both of these

elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty of the crime charged in the Indictment.

INSTRUCTION NO. 16


The defendant's theory of the case is that he did not intend to persuade, entice, induce, or coerce someone under eighteen (18) years of age to engage in sexual activity.  Alternatively, his theory is that he was entrapped.

# INSTRUCTION NO. 17

I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

One of the questions in this case is whether the defendant was entrapped.

Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, it would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informer or a decoy. This is permissible, and without more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a

defendant who was not already willing to commit a crime to go ahead and commit it.

The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government.  Let me suggest some things that you may consider in deciding whether the government has proved this:

(A)  Ask yourself what the evidence shows about the defendant's character and reputation.

(B)  Ask yourself if the idea for committing the crime originated with or came from the government.

(C)  Ask yourself if the defendant took part in the crime for profit.

(D)  Ask yourself if the defendant took part in any similar criminal activity with anyone else before or afterwards.

(E)  Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

(F)  And ask yourself what kind of persuasion and how much persuasion the government used.

Consider all the evidence, and decide if the government has proved

that the defendant was already willing to commit the crime.  Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

INSTRUCTION NO. 19


Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" between February 18, 2009, and April 10, 2009.  The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

INSTRUCTION NO. 20


That concludes the part of my instructions explaining the elements of
the crime.  Next I will explain some rules that you must use in considering
some of the testimony and evidence.

INSTRUCTION NO. 21

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

You have heard the testimony of Detective Michael Arterburn, who testified as both a fact witness and an opinion witness. There is a clear difference between these two kinds of testimony.

You do not have to accept Michael Arterburn's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in Court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to

be.  That should stay secret until you are finished.

INSTRUCTION NO. 24


Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

INSTRUCTION NO. 25

Remember that you must make your decision based only on the evidence that you saw and heard here in Court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in Court.

INSTRUCTION NO. 26

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

INSTRUCTION NO. 27

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 28

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 29

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

INSTRUCTION NO. 30


Let me finish up by repeating something that I said to you earlier.

Nothing that I have said or done during this trial was meant to influence your

decision in any way.  You decide for yourselves if the government has

proved the defendant guilty beyond a reasonable doubt.

**CRIMINAL ACTION NO. 09-86-C**

**UNITED STATES OF AMERICA,**                                      **PLAINTIFF,**

**V.**                                   **VERDICT**

**JEFFREY ALLEN HACKWORTH,**                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

We, the Jury, find the defendant:


_____ GUILTY                    _____ NOT GUILTY




_____
FOREPERSON


_____
DATE